IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35940-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LAURENCE JAMAL MAYO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Laurence Mayo challenges the sufficiency of the evidence for his conviction for unlawful possession of fictitious identification. The State concedes this issue. We accept the State's concession, reverse Mayo's conviction, and direct the trial court to dismiss that charge with prejudice.

Mayo also filed a statement of additional grounds for review in which he challenges, for the first time on appeal, the constitutionality of the vehicle search that led to his conviction for unlawful possession of a firearm. We decline to review this challenge and affirm that conviction.

FACTS

A Washington State Patrol trooper stopped Laurence Mayo for speeding on Interstate 82. Mayo admitted that he could not provide a valid driver's license and that he was driving with a suspended license. The vehicle was a rental.

Mayo was unable to locate someone to move the vehicle for him, so a tow truck was called to impound the vehicle. During an inventory search, a trooper found a firearm in the glovebox. The trooper arrested Mayo for unlawful possession of a firearm and took him to jail.

Before entering jail, staff searched Mayo and found several credit cards and a Texas driver's license. Most of the credit cards and the Texas driver's license had the name "James Smith" on them. Report of Proceedings (RP) at 166.

The State charged Mayo with unlawful possession of a stolen firearm, unlawful possession of a firearm, four counts of unlawful possession of fictitious identification, and driving while license suspended in the third degree. Mayo pleaded guilty to driving while license suspended in the third degree and the rest of the charges proceeded to a jury trial.

At trial, witnesses testified consistent with the aforementioned facts. Before the case was given to the jury, Mayo opined that the crime of unlawful possession of

fictitious identification was an alternative means crime that required an alternative means jury instruction. The court denied Mayo's proposed instruction, stating it was not an alternative means crime.

The court instructed the jury:

> To convict the defendant of the crime of Unlawful Possession of Fictitious Identification, as charged in Count Seven, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) On or about January 5, 2018 the defendant possessed a personal identification card, Texas Driver License;
> (2) That the personal identification card contained a fictitious person's identity;
> (3) That defendant possessed the identification card with the intent to commit theft, forgery, or identity theft; and
> (4) That these acts occurred in the State of Washington.

Clerk's Papers at 170.

The jury found Mayo guilty of unlawful possession of a firearm and one count of unlawful possession of fictitious identification. The latter verdict related to the Texas driver's license. The jury could not reach a verdict on the other counts.

The court sentenced Mayo to 47 months on the firearm possession charge, 12 months on the fictitious identification possession charge, and 90 days on the driving while suspended license charge. All sentences ran concurrent. Mayo informed the court that he

had legal financial obligations (LFOs) in other courts. The court imposed $200 in court costs and a $100 DNA[1] fee.

Mayo timely appealed.

## ANALYSIS

SUFFICIENCY OF THE EVIDENCE

Mayo contends there was insufficient evidence for a jury to find him guilty of unlawful possession of fictitious identification. More specifically, he argues the State failed to prove he possessed the Texas driver's license with the intent to commit theft, forgery, or identity theft. The State concedes this issue. We accept its concession, reverse the challenged conviction, and direct the trial court to dismiss that charge with prejudice.[2]

LFOs

Mayo contends the trial court erred when it imposed a $200 court cost fee and a $100 DNA fee. The State concedes the trial court did not make an adequate inquiry into Mayo's ability to pay nor did it consider his prior felony conviction when assessing the

---

[1] Deoxyribonucleic acid.

[2] Given our resolution of this issue, we do not address Mayo's alterative argument related to that conviction—that the trial court violated his constitutional right to a unanimous jury verdict by not providing an alternative means instruction.

$100 DNA collection fee. Because resentencing is required, we need not address this issue. We presume the trial court will follow *Blazina*[3] and *Ramirez*[4] on resentencing.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW (SAG)

In his SAG, Mayo contends law enforcement performed an illegal search of his vehicle without his consent and without a warrant. We find he did not preserve this issue for appeal.

Generally, we do not consider issues raised for the first time on appeal. RAP 2.5(a). An exception exists if the defendant can show the issue is a manifest error affecting a constitutional right. RAP 2.5(a)(3).

There is no question that an illegal search is constitutional in nature. But Mayo's failure to file a motion to suppress causes the record to lack necessary facts for us to determine whether the error is manifest. *See State v. Kirkpatrick*, 160 Wn.2d 873, 880-81, 161 P.3d 990 (2007). We, therefore, decline to review this claimed error.

---

[3] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

[4] *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

No. 35940-9-III
*State v. Mayo*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.